Appellant FirstMerit Corporation/Citizens National Bank ("FirstMerit") is appealing the decision of the Massillon Municipal Court that found Appellee Edward Stroh did not receive reasonable notice, of the sale of a 1991 Ford Escort, as required by R.C. 1309.47(C). The following facts give rise to this appeal.
FirstMerit commenced this action against Nicole Gully and Appellee Edward Stroh to recover a deficiency judgment on a Consumer Promissory Note and Security Agreement. FirstMerit sought the deficiency judgment after it sold the automobile which was the security for the payment of the Note. Appellee alleged, in his answer, that FirstMerit could not recover the deficiency judgment, pursuant to R.C. 1309.47, because the sale of the automobile was not commercially reasonable in that he did not receive reasonable notification of the public sale of collateral as required by statute.
The parties stipulated to the facts of the case and submitted this matter to the trial court. The trial court found in favor of appellee on the basis that FirstMerit did not provide reasonable notice and therefore, did not conduct a commercially reasonable sale of the vehicle. The trial court found that FirstMerit knew the notice was being sent to an incorrect address and that appellee would not receive actual notice of the auction.
FirstMerit timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN FINDING FOR THE APPELLEE.
 II. THE TRIAL COURT ERRED IN FINDING THAT FIRSTMERIT DID NOT PROVIDE THE APPELLEE WITH REASONABLE NOTICE PURSUANT TO § 1309.47(C) OF THE OHIO REVISED CODE.
 III. THE TRIAL COURT ERRED IN FINDING THAT FIRSTMERIT FAILED TO CONDUCT A COMMERCIALLY REASONABLE SALE OF THE REPOSSESSED VEHICLE PURSUANT TO § 1309.47(C) OF THE OHIO REVISED CODE.
 I, II, III
We will address all three of appellant's assignments of error simultaneously as each claims the trial court's finding that appellant did not conduct a commercially reasonable sale of the vehicle is against the manifest weight of the evidence. We agree.
As an appellate court, we are not fact finders. We do not weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279, 281, syllabus. It is based on this standard that we review appellant's assignments of error.
R.C. 1309.47(C) sets forth the manner in which a secured party is to dispose of collateral after default. This statute provides, in pertinent part:
 Disposition of the collateral may be by public or private proceedings and may be * * * as a unit or in parcels and at any time and place on any terms but every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable * * *. * * * [R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor * * *.
The trial court determined appellee did not receive reasonable notification because the notice was mailed to an incorrect address. Judgment Entry, June 5, 1998, at 2. Our review of the stipulations entered into by the parties indicates otherwise. The parties stipulated, on March 19, 1998, that "[t]he defendant, Stroh is an individual resident of Ohio residing at 205 26th St., N.E[1]. Massilon (sic), Ohio 44646 (the "Residence"). Because both parties stipulated to appellee's address, this "* * * stipulation performs the same function as the factual determination rendered by a jury upon conflicting evidence." State v. F.O.E. Aerie (1988), 38 Ohio St.3d 53, 54. Thus, although mailed to the correct address, the envelope indicates the notice was unclaimed
Further, in Ford Motor Credit Co. v. Potts (1989), 47 Ohio St.3d 97, the Ohio Supreme Court held that "* * * the statutes [Ohio Revised Code Section 1309.47 or 1317.16] nowhere require the secured party to delay its sale until return of the certified mail receipt." Id. at 99. All that is required is that the creditor take reasonable steps to notify the debtor of his intention to resell repossessed collateral. Id. [Citations omitted.] Appellant complied with the provisions of R.C.1309.47 in that it notified appellee, at his correct address, of the impending sale. The fact that appellee did not claim the letter does not result in a finding that appellant failed to comply with the reasonable notification requirement of the statute.
Appellant's first, second and third assignments of error are sustained.
For the foregoing reasons, the judgment of the Massillon Municipal Court, Stark County, Ohio, is hereby reversed.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Massillon Municipal Court of Stark County, Ohio, is reversed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P. J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.
[1] This stipulated fact contains a scrivener's error. The address should read S.E. as opposed to N.E.